THE SCHAPS LAW OFFICE, A.P.C.
MICHAEL A. SCHAPS (SBN 247423)
732 3rd Street, Suite B
Davis, CA 95616
Telephone: (530) 238-511
Facsimile: (530) 231-2829
mschaps@michaelschaps.com
Attorney for Defendants Airstrike Firefighters, LLC, Scott Schorzman and William Douglass

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUFFALO AIRWAYS LTD., <br>      Plaintiff, <br><br>   v. <br><br> AIRSTRIKE FIREFIGHTERS, LLC; WILLIAM DOUGLASS; SCOTT SCHORZMAN; and DOES 1 through 25, inclusive <br><br>      Defendants. | NO. <br><br> DEFENDANT WILLIAM DOUGLASS' NOTICE OF REMOVAL TO FEDERAL COURT |

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant William Douglass hereby gives Notice of Removal of this action, captioned Buffalo Airways, LTD v. Airstrike Firefighters, LLC *et al* to the United States District Court for the Eastern District of California – Sacramento. Plaintiff, Buffalo Airways, LTD (hereinafter, "Buffalo") filed its Complaint on August 2, 2023. Thereafter, on August 21, 2023 Buffalo served a copy the Summons and

DEFENDANT WILLIAM DOUGLASS' NOTICE OF
REMOVAL TO FEDERAL COURT - 1

Complaint on Defendant Douglass. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and to remove this action to this Court from the Superior Court of the State of California in and for Sacramento County (hereinafter, "Sacramento County Superior Court") pursuant to 28 U.S.C. §§ 1332(a)(4) and 1441, because there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, Defendant Douglass timely remove this action to the U.S. District Court for the Eastern District of California – Sacramento.

## I.     STATE COURT ACTION

Plaintiff Buffalo, a Canadian Corporation based in Yellowknife, Northwest Territories, CA, filed the Complaint in Sacramento County Superior Court, on August 2, 2023, where it was assigned Case No. 23-CV-005880. Douglass Decl. Ex. A. The Complaint asserts claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, Concealment, Negligent Misrepresentation, and Conversion. *Id.* Plaintiff seeks "actual damages, statutory damages, punitive damages, and such other relief as the Court deems appropriate; return of Plaintiff's aircraft parts and other personal property, pre-judgment and post-judgment interest on such monetary relief; the costs of bringing this suit, including reasonable attorney's fees; and all other relief to which Plaintiff may be entitled at law or equity." *Id. at* "Prayer for Relief". Plaintiff further alleges damages of "no less than One Million Five Hundred Thousand Dollars ($1,500,000).

On August 21, 2023, Buffalo served Defendant Douglass with the Summons and Complaint. Douglass Decl., Exh. B (Confirmation of Service). "When a defendant receives a copy of the complaint or service of the summons and complaint, then "a named defendant's time to remove is triggered…" *Green v. Wachovia Mortg. FSB*, No. CV-11-3047, 2011 U.S.

Dist. LEXIS 80923 (2011)(E.D. Wash. July 25, 2011) (*quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)).

## II. GROUNDS FOR REMOVAL

This action is removable because complete diversity exists between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). For these reasons, removal is proper. 28 U.S.C. § 1441(a).

**A. There is complete diversity of citizenship.** To establish complete diversity, the controversy must arise between citizens of "a foreign state… as plaintiff and citizens of a state or different states." 28 U.S.C. 1332(a)(4). A natural person's citizenship is determined by his or her domicile. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "The place where a person lives is taken to be his domicile until facts adduced establish to the contrary." *Anderson v. Watts*, 138 U.S. 694, 706, 11 S. Ct. 449, 452 (1891). Buffalo alleges it is a corporation organized under the laws of, and with its principal place of business in, Yellowknife, Northwest Territories, Canada. Douglass Decl. Ex. A. Buffalo alleges Defendants Douglass, Schorzman, and Airstrike are domiciled in Washington. *Id*. at ¶¶ 2-4. In point of fact, Airstrike is an Alaska LLC and Defendant Schorzman is presently a resident of Idaho. Schorzman Decl., ¶ 1. Regardless, because Plaintiff is a Canadian Corporation and Defendants are citizens of Washington, Alaska, and Idaho, there is complete diversity of citizenship for purposes of jurisdiction under 28 U.S.C. § 1332(a).

**B. Plaintiff alleges an amount in controversy that exceeds $75,000.** For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that the amount in controversy exceeds $75,000, the removing party must prove by a preponderance of the

evidence that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Here, it is facially evident from the Complaint that the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332, as they allege entitlement to a minimum of $1,500,000 in damages. Douglass Decl. Ex. A. Accordingly, by a preponderance of the evidence the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332(a).

### III.     INTRA-DISTRICT ASSIGNMENT AND VENUE

This Court is the district and division embracing the place where the State Court action is currently pending (Sacramento County, CA). It is therefore the appropriate court for removal pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a). Nonetheless, this removal shall be subject to a further motion to dismiss/transfer venue, as the lease agreement giving rise to Plaintiff's complaints contains provisions setting exclusive jurisdiction and venue in the United States District Court for the Western District of Washington. Douglass Decl., Exh. A., Attachment 1, ¶ 16(e).

### IV.     REMOVAL IS TIMELY

On August 21, 2023, Defendant Douglass was served by Buffalo with a copy of the Summons and Complaint. Douglass Decl. Ex. B (Confirmation of Service). When a defendant receives a copy of the complaint or service of the summons and complaint, then "a named defendant's time to remove is triggered…" *Green v. Wachovia Mortg.* FSB, No. CV-11-3047, 2011 U.S. Dist. LEXIS 80923 (2011)(E.D. Wash. July 25, 2011) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347 (1999)). This Notice of Removal (filed September 19, 2023) is therefore timely filed within the 30 days allowed under 28 U.S.C. §

1446(b)(1), (2)(B). Further, pursuant to 28 U.S.C. § 1446(b)(2)(C), earlier-served defendants may consent to removal, and have done so here. Schorzman Decl., ¶¶ 2-3.

V. NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS

Attached to this Notice is a true copy of the Complaint that Plaintiff served on Defendants and filed in Sacramento County Superior Court. See Douglass Decl. Ex. A. Copies of all other process, pleadings, and orders filed in this action in Sacramento County Superior Court are attached to the separately filed Verification of State Court Records. Proof of Notice to Plaintiff and to the Clerk of the Sacramento County Superior Court will be filed separately. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation any defense available under Fed. R. Civ. P. 12, or any other procedural or substantive defense available under State or Federal law. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants give notice that this matter is removed to the United States District Court for the Eastern District of California, and requests this Court retain jurisdiction for further proceedings pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated this 19th day of September, 2023.

THE SCHAPS LAW OFFICE, A.P.C.

By__/s/ Michael A. Schaps_____
   By: Michael A. Schaps, Attorneys for the Defendants